## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MATTHEW PENNINGTON**
**Individually and on behalf**
**of all others similarly situated,**

    **Plaintiff,**

v.

**CGH TECHNOLOGIES, INC.,**
A Foreign For Profit Corporation

    **Defendant.**

_____/

Case No. 19-cv-2056

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION**
**PURSUANT TO 29 U.S.C. § 216(b)**

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Matthew Pennington ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from CGH Technologies, Inc. ("Defendant" or "CGH").

2. Plaintiff was employed by Defendant as a "Technician," performing basic computer and security services at airports monitored by the Federal Aviation Authority (FAA) throughout Florida, including locations in Orlando, Tampa, Sanford, Daytona, Melbourne/Cocoa, Sarasota, Cross City, and Ft. Lauderdale.

3. Plaintiff's co-workers are/were employed in locations throughout the United States as "Technicians" performing the same work and having the same job duties and responsibilities as Plaintiff.

4.  Customary job duties for technicians include, but not limited to: replacing opening sensors on security gates, troubleshooting/replacing non-functioning equipment like security cameras, secure area card readers, backup batteries, monitors, security gates, and security phones.

5.  Plaintiff and other similarly situated co-workers customarily worked more than forty (40) hours in a work week.

6.  For example, Plaintiff worked more than 3700 hours in a single year, averaging over 65 hours a week within his lookback period.

7.  Defendant paid Plaintiff and all his similarly situated co-workers straight time for each hour worked regardless of whether the work performed was in excess of 40 hours in a week.

8.  This collective action alleges that Defendant did not compensate Plaintiff and all other similarly situated non-exempt workers time and a half per overtime requirements and seek to recover the unpaid overtime wages, liquidated damages, attorney fees, and costs permitted by the FLSA.

## II. JURISDICTION AND VENUE

9.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

11. Defendant employed Matthew Pennington as a "Technician" from approximately August 2015 to October 2019.

12. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL TECHNICIANS EMPLOYED BY CGH TECHNOLOGIES, INC. IN THE PAST 3 YEARS WHO WERE ONLY PAID "STRAIGHT TIME" WITHOUT THE**

**ADDITIONAL HALF TIME FOR HOURS WORKED GREATER THAN 40 IN EACH WORKWEEK.**

13. Defendant, CGH Technologies, Inc., operates its Principal Address at 600 Maryland Avenue SW, Suite 800W, Washington, D.C. 20024 and may be served with process in Florida through its registered agent: Scott A. Perando, 3302 47th Street West, Bradenton, Florida 34209.

### IV. COVERAGE UNDER THE FLSA

14. At all times relevant, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times relevant, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

17. At all times relevant, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### V. FACTS

18. CGH is an information engineering and management support company located in Washington, D.C., with satellite offices in Virginia, and North Carolina, and a workforce

throughout the United States. CGH provides its customers multiple services including Security Services.

19. CGH employs some of its personnel as "Technicians" to serve its clients in various ways including physical security and physical IT Security Maintenance and Installation. These individuals make up the proposed Putative Class Members and although exact job titles may differ, these employees are subject to the same or similar illegal pay practices for similar work.

20. The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Defendant.

21. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters or performing work above or beyond what was authorized by CGH.

22. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to technicians troubleshooting physical security and physical IT equipment.

23. The Putative Class Members also worked similar hours and were both denied overtime premium pay as a result of CGH's same illegal pay practice.

24. CGH denied the Putative Class Members premium overtime pay (the additional half time pay) for any and all hours worked in excess of 40 in a single work week.

25. As the controlling law makes clear, the manual labor/technical duties which were performed by the Putative Class Members consists of non-exempt work.

26. CGH paid the Putative Class Members as non-exempt "hourly" employees.

27. Therefore, Defendant owes back overtime wages to the Plaintiff and all Putative Class Members, all of whom worked long hours each workweek.

## VI. FLSA VIOLATIONS

28. As set forth herein, Defendant violated the FLSA by failing to pay Plaintiff and the Putative Class Members premium overtime pay for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

29. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and the Putative Class Members proper overtime compensation. Defendant's failure to pay proper overtime compensation to these employees was not reasonable, and the decision not to pay proper overtime was not made in good faith.

30. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to one half times their regular hourly rate for each hour worked above 40, plus liquidated damages, attorney's fees, and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

31. As described above, Plaintiff and all Putative Class Members were victimized by Defendant's pattern, practice, and/or policy, which is in willful violation of the FLSA.

32. The Putative Class Members worked in the same type of position as Plaintiff and were not paid properly in the same manner as Plaintiff and were not properly compensated for all hours worked as required by the FLSA.

33. Thus, CGH imposed a uniform practice or policy on Plaintiff and all Putative Class Members regardless of any individualized factors.

34. Plaintiff and all Putative Class Members received "straight pay" as "hourly" non-exempt employees, regularly worked in excess of 40 hours per week, and were not paid overtime compensation at a rate of "time and a half."

35. As described above, these Putative Class Members are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

36. CGH's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class Members.

37. Plaintiff's experience is typical of the experiences of all Putative Class Members.

### VIII. JURY DEMAND

38. Plaintiff demands a trial by jury.

### IX. RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For an Order certifying this case as a collective action for the purposes of the FLSA claims;

b. For an Order finding Defendant liable for violations of federal wage laws with respect to Plaintiff and all Putative Class Members covered by this case;

c. For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiff and all Putative Class Members covered by this case;

d. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their costs of this action;

e. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case their attorneys' fees;

  f. For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

  g. For all such other and further relief as may be necessary and appropriate

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 25th day of October 2019.

      Respectfully submitted,

       /s/ David Barszcz
      **LYTLE & BARSZCZ, P.A.**
      David V. Barszcz, Esq.
      Florida Bar No. 750581
      533 Versailles Drive #200
      Maitland, Florida 32751
      Telephone: (407) 622-6544
      Facsimile: (407) 622-6545
      **Counsel for Plaintiff**