UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW PENNINGTON,

    Plaintiff,

v.                                   Case No: 6:19-cv-2056-PGB-EJK

CGH TECHNOLOGIES, INC.,

    Defendant.

## ORDER

This cause comes before the Court on Defendant's Petition for Attorney's Fees and Costs (the "Motion"), filed May 23, 2022. (Doc. 175.) Plaintiff has failed to file a response in opposition. Thus, the Motion is construed as unopposed. *See* Local Rule 3.01(c). Upon consideration, the Motion is due to be granted in part.

In the Order granting Defendant's Amended Motion to Compel (Doc. 172), the undersigned ordered Plaintiff to pay Defendant's reasonable expenses incurred in bringing the Motion, including attorney's fees. (Doc. 174 at 2.) The Court directed the parties to meet and confer as to the amount and stated that if the parties could not reach an agreement, Defendant could file a motion seeking reasonable expenses. (*Id.*) In the instant Motion, Defendant states Plaintiff has "refused to negotiate the amount of reasonable fees and expenses by stating that he was unable to allocate a single dollar to the payment of CGH's fees," thus prompting the filing of the Motion. (Doc. 175 at 2.)

Defendant requests $2,233.00 in reasonable attorney's fees and $38.45 in costs incurred in connection with the Amended Motion to Compel. (*See id.*) Defendant claims 3 hours of time for attorney Christiane M. McKnight, 1.6 hours of time for attorney Christopher Kip Schwartz, and 1.2 hours of time for senior paralegal Bonnie Coile. (Doc. 175-2 at 7.) Defendant seeks $395 per hour for Ms. McKnight, $550 per hour for Mr. Schwartz, and $140 per hour for Ms. Coile. Plaintiff's failure to respond to the request creates the presumption that the request is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012).

When a party makes a claim for fees, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). The Court, however, must not order the payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). The term "substantially justified" means that "reasonable people could differ as to the appropriateness of the contested actions." *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr.*, No. 8:12-cv-942-T-33MAP, 2013 WL 5290108, at *3 (M.D. Fla. Sept. 13, 2013) (citing *Maddow v. Procter & Gamble Co. Inc.*, 107 F.3d 846, 853 (11th Cir. 1997)). The district court has discretion in determining that reasonable people could

differ as to the appropriateness. *Id.*

None of these conditions apply here. Before filing the Amended Motion to Compel, Defendant worked with Plaintiff's former counsel to provide an extension of time to respond without the Court's intervention. (*See* Doc. 172 at 2.) Plaintiff's nondisclosure is not substantially justified, as Plaintiff still continues to flout this Court's Orders directing that he produce responsive documents to Defendant. (*See* Docs. 182, 196.) In light of the circumstances, an award of expenses is not unjust. Defendant has established its entitlement to attorney's fees and costs and documented the appropriate hours and hourly rate.

Here, the Court finds that the number of hours requested by Defendant is reasonable under the circumstances. *See Poschmann v. Unified Enterprises, LLC*, No. 5:20-cv-227-Oc-JSM-PRL, 2021 WL 3036306, at *2 (M.D. Fla. Apr. 21, 2021) (finding 5.6 hours reasonable for a motion to compel). With respect to the proposed hourly rates, while Defendant relies on the Laffey Matrix, "jurists in this Court have declined to rely on the Laffey Matrix as competent evidence of a reasonable hourly rate." *Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, 2:17-cv-292-FtM-38MRM, 2019 U.S. Dist. LEXIS 80165, at *5 (M.D. Fla. Apr. 23, 2019). Courts in the Middle District have routinely found hourly rates between $250 and $375 to be reasonable in FLSA cases. *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312-Oc-37PRL, 2019 U.S. Dist. LEXIS 124279, at *8 (M.D. Fla. July 1, 2019) (collecting cases that reflect courts in the Middle District have awarded rates between $250-$375 per hour in FLSA matters). Arguably, the instant Motion "did not require two lawyers, each with over ten years of

experience." *Equal Emp. Opportunity Comm'n v. Chalfont & Assocs. Grp., Inc.*, No. 6:19-cv-1304-Orl-78GJK, 2020 WL 1433054, at *4 (M.D. Fla. Mar. 24, 2020). As such, the Court finds, based upon its knowledge and experience, that a reduced hourly rate of $375 is reasonable for each of the attorneys. The requested hourly rate, $140, for senior paralegal Bonnie Coile is reasonable as is.

Accordingly, it is hereby **ORDERED** that Defendant's Petition for Attorney's Fees and Costs (Doc. 175) is **GRANTED IN PART**. Defendant is awarded $1,893.00[1] in reasonable attorney's fees and $38.45 in costs to be paid by Plaintiff Matthew Pennington.

**DONE** and **ORDERED** in Orlando, Florida on August 5, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] This amount is calculated as follows: $375 x 3 hours = $1125 for attorney Christiane M. McKnight, $375 x 1.6 hours = $600 for attorney Christopher Kip Schwartz, and $140 x 1.2 hours = $168 for paralegal Bonnie Coile.